UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
CASE NO._____

*Electronically Filed*

JOHN DOE                                                                                              PLAINTIFF
c/o Attorney John Caudill
911 College Street, Suite 203
Bowling Green, KY 42101

V.

TODD BOYCE, HEAD CHAPLAIN
529 Kentucky Ave.,
Mt. Sterling, KY 40353,
Individually and in his official capacity as
an employee of Kentucky Department
of Corrections, Eastern Kentucky
Correctional Complex

WARDEN JAMES DAVID GREEN
c/o Eastern Kentucky Correctional Complex
200 Road to Justice
West Liberty, KY 41472
Individually and in his official capacity as
an employee of Kentucky Department
of Corrections

BARRY FRISBY, PROGRAM DIRECTOR
JACOB JOHNSON, VOCATION DIRECTOR
DARREN ELAM, INTERNAL AFFAIRS
c/o Eastern Kentucky Correctional Complex
200 Road to Justice
West Liberty, KY 41472
Individually and in his official capacity as
an employee of Kentucky Department
of Corrections

JOHN DOE I,  Official at Little Sandy Correctional Complex

## COMPLAINT

Plaintiff, by counsel, for his complaint against the Defendants within these proceedings, herein states as follows:

### I. INTRODUCTION

1. This civil rights action challenges the sodomy and sexual abuse of Plaintiff while he was a prisoner at Eastern Kentucky Correctional Complex (EKCC) in West Liberty, Kentucky in violation of Plaintiff's 1st. 4th. 8th and 14th amendment rights.  The abuse was part of a pattern of sexual abuse by Defendant Todd Boyce, Chaplain at EKCC.  His conduct was known to Defendant Green, Warden; Defendant Barry Frisby, Program Director; Defendant Darron Elam, Internal Affairs; all of whom failed to protect the Plaintiff from this abuse. Officials at EKCC had knowledge of prior instances of sexual abuse between Boyce and other inmates and failed to properly supervise and discipline Boyce leading to the abuse of Plaintiff. The Plaintiff brings this case to secure fair compensation and also to deter sexual abuse in Kentucky prisons in the future.

### II. JURISDICTION

2.. Jurisdiction over the claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).  Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367. Venue is proper in this division.

### III. PARTIES

3. Plaintiff is a resident and citizen of the Commonwealth of Kentucky.

4. Defendant Todd Boyce is a citizen of the Commonwealth of Kentucky. Defendant Boyce is a "person" under 42 U.S.C. 1983 and at all times relevant to this case

2

was an employee of EKCC working as Chaplain at the Complex acting under color of state law. Defendant Boyce is sued in his individual and official capacities.

5. Defendant James David Green is a citizen of the Commonwealth of Kentucky. Defendant Green is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of EKCC working as Warden acting under color of state law. Defendant Green is sued in his individual and official capacities.

6. Defendant Barry Frisby is a citizen of the Commonwealth of Kentucky. Defendant Frisby is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of EKCC working as Program Director acting under color of state law. Defendant Frisby is sued in his individual and official capacities.

7. Defendant Jacob Johnson is a citizen of the Commonwealth of Kentucky. Johnson is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of EKCC working as Program Director acting under color of state law. Defendant Johnson is sued in his individual and official capacities.

8. Defendant Darron Elam is a citizen of the Commonwealth of Kentucky. Defendant Elam is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of EKCC working in Internal Affairs acting under color of state law. Defendant Elam is sued in his individual and official capacities.

9. Defendant John Doe is a citizen of the Commonwealth of Kentucky. Defendant Elam is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of Little Sandy Correctional Complex acting under color of state law. Defendant John Doe is sued in his individual and official capacities.

### IV. FACTS APPLICABLE TO ALL CLAIMS

**A.     Plaintiff Was a Vulnerable Inmate.**

10.     Plaintiff was an inmate at EKCC and Little Sandy Correctional Complex for all times relevant to this complaint.

11.     Sexual abuse is a well-known risk to vulnerable inmates in prisons and jails.

12.     Effective 2003, the Federal Prison Rape Elimination Act (PREA) established a zero-tolerance mandate for sexual abuse o inmates in the nation's jails and prisons. Detailed procedures must be implemented to comply with PREA and protect inmates from sexual abuse.

13.     EKCC and individual defendants failed to fully implement PREA as required by federal law and regulations and also failed to fully implement Kentucky administrative regulations prohibiting personal relationships with inmates, demeaning treatment of inmates, and unnecessary force on inmates. See 501 KAR 3:040(6)

**B. Abuse of Plaintiff by Defendant Boyce**

14.     On or about and between March 1 and July 30, 2022 Todd Boyce, acting under color of state law as Chaplin of EKCC, harassed, threatened, intimidated, assaulted, abused and sexually molested Plaintiff on multiple occasions.

15.     These acts were in violation of Plaintiff's established rights, privileges and immunities secured by the First, Fourth, Eighth, and Fourteenth Amendment to the U.S. Constitution of which a reasonable person would have known.

16.     These rights include but are not limited to the right to be free from excessive force, the right to be free from cruel and unusual punishment, the right to be protected from harm,

and the right to be free from unwanted sexual advances, unwanted touching, sexual assault, and sodomy.

17. Warden Green, Barry Frisby (Boyce's direct supervisor) and Darren Elam (Internal Affairs) were aware that Boyce had inappropriate sexual contact with other inmates prior to Boyce's sexual abuse of Plaintiff yet were deliberately indifferent to the substantial risk of constitutional injury it posed to other inmates.

20. At least two inmates who Boyce had sexual contact with were transferred from EKCC because of Boyce's sexual abuse, but no action was taken to discipline Boyce and no restrictions were placed on Boyce's contact with inmates.

21. Plaintiff's injuries from abuse by Boyce was a result of Defendant's Green and Frisby's lack of supervision of Boyce.

21. Boyce arranged for Plaintiff to be alone with him in the chapel on Wednesday, Saturday and Sunday evenings from on and about early March 2022 through July of 2022. Over the course of several weeks, Boyce sexually abused Plaintiff in multiple ways.

22. Defendant Boyce coerced and directed Plaintiff to masturbate into a little sac, to cut a hole in the front of his pants, and to not wear underwear where it wasn't noticeable except in his office.

23. Boyce directed Plaintiff to masturbate in front of him and Boyce masturbated in front of Plaintiff.

24. Boyce committed oral sex on Plaintiff.

25. When Plaintiff told Boyce he didn't want to participate in sexual acts, Boyce threatened Plaintiff with retaliation through fellow inmates, coercing him into complying with Boyce's sexual demands. Boyce cultivated favor and influence within the prison

5

population by various means in violation of prison policies, including bringing contraband onto prison property.

26. Though prison staff were supposed to conduct walk throughs by the chapel every thirty minutes, they frequently failed to do so. Plaintiff resorted to asking other inmates to check in on him when he was with Boyce to try to prevent continued abuse.

27. Boyce bragged to Plaintiff that he had been previously accused of sexual abuse by other inmates and nothing happened (to him) so no one would believe Plaintiff if he reported him. As a result, Plaintiff's mental health began to deteriorate dramatically, and he began cutting himself. Plaintiff's roommate observed the cutting and indicated he would report Boyce if Plaintiff didn't do so, prompting Plaintiff to report the abuse to prison officials.

**C. Plaintiff Reports Abuse to Internal Affairs**

28. Plaintiff reported Boyce's abuse to internal affairs. Plaintiff was directed by Prison official Darron Elam not to file a PREA grievance because it would alert Boyce to the investigation.

29. A recording device was placed in Boyce's workspace where he was recorded making incriminating statements confirming his abuse of Plaintiff.

30. Internal Affairs referred the investigation to the Kentucky State Police.

31. Plaintiff became exempt from PREA filing requirements when his complaints were investigated by an outside agency (Kentucky State Police) outside PREA procedures.

32. After the State Police Investigation, Boyce was removed from the facility, terminated as Chaplin and indicted by a Morgan County (Kentucky) Grand Jury charged with Sodomy and Sexual Abuse 2nd.

33. Criminal charges against Boyce are currently pending in Morgan County.

**D.  Warden Green, Frisby, and Elam failed to supervise Boyce or protect Plaintiff from sexual abuse.**

34. Defendants Green, Frisby, and Elam failed to supervise, investigate or discipline Boyce despite knowledge that Boyce engaged in sexual acts with other inmates prior to the abuse of Plaintiff.

35. Defendants Green and Frisby were aware of Boyce's sexual abuse with other inmates prior to Boyce's abuse of Plaintiff yet they were deliberately indifferent to the substantial risk of serious injury it posed to other inmates.

36. During the internal investigation, Elam acknowledged Boyce's history of abuse by asking Plaintiff if he knew about the previous inmate Boyce was in a sexual relationship with yet never investigated Boyce prior to Plaintiff's complaints.

37. Two inmates were transferred out of EKCC to other facilities as a result of Boyce having sexual relationship with them, yet Green and Frisby (Boyce's direct supervisor) continued to allow Boyce to have private, unsupervised, unmonitored meetings with inmates in the chapel.

38. By failing to investigate Boyce for sexual misconduct with other inmates, Defendants Green, Frisby and Elam were deliberately indifferent to a substantial risk of serious harm to Plaintiff and other inmates at EKCC.

**E. Retaliation**

39. Since Plaintiff complained to internal affairs and other officials of Boyce's sexual abuse, Plaintiff has been repeatedly retaliated against by prison officials at EKCC and Little Sandy Correctional Complex (where he was transferred to in fall of 2022). Such retaliation

has continued for the last 12 months, in violation of his First Amendment Right of freedom to petition his government.

40. Once learning of Plaintiff's complaints against Boyce, Defendant Johnson unjustifiably and maliciously removed Plaintiff from classes, the completion of which would entitle him to certain privileges and opportunities.

41. Plaintiff was placed in solitary confinement and written up for false violations at EKCC after his complaints.

42. On or about June 23rd, 2023, approximately one week prior to his scheduled release from confinement from Little Sandy Correctional Complex, John Doe 1 and other prison officials maliciously fabricated violations against Plaintiff and placed him in solitary confinement, extending his incarceration for a yet to be determined period of time. He is currently in solitary confinement without justification.

43. At all times relevant to this case and with respect to all conduct alleged, Defendants Green, Frisby, and Elam and others acted unreasonably, intentionally, knowingly, maliciously, recklessly, with deliberate indifference, negligently, willfully and in bad faith in violation of Plaintiff's constitutional rights.

**E.  Injury to Plaintiff.**

44. As a result of the conduct of the Defendants, Plaintiff suffered serious physical injuries, endured intense physical pain and suffering, humiliation, embarrassment, mental anguish, and severe emotional distress.

### V.  FIRST CAUSE OF ACTION – 42 U.S.C. 1983

45. Paragraphs 1 to 44 are reiterated and incorporated herein.

46. Defendants Green, Frisby, Elam, Johnson and John Doe 1, acting under color of state law, deprived Plaintiff of his clearly established rights, privileges and immunities secured by the 1st, 4th, 8th and 14th Amendments to the U. S. Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free from excessive force, the right to due process, the right to petition the government, the right to be free of cruel and unusual punishment, the right to equal protection under the law, the right to be protected from harm, and the right to be free from unwanted sexual advance, unwanted touching, sexual assault and retaliation for reporting same.

47. Defendants Green, Frisby, Elam and others unnamed were on notice of the obvious need to supervise Defendant Boyce with respect to the sexual harassment and abuse and failed to adequately supervise him. There's a causal link between Defendants' failure to supervise and the injuries to the Plaintiff in this case.

## VI.  SECOND CAUSE OF ACTION – ASSAULT AND BATTERY

48. Paragraphs 1 to 44 are reiterated and incorporated herein.

49. Defendant Boyce intentionally, maliciously, and in bad faith applied and/or threatened to apply unlawful and unnecessary force against Plaintiff without privilege.

## VII.  THIRD CAUSE OF ACTION – SODOMY KRS 510.090

50. Paragraphs 1 to 44 are reiterated and incorporated herein.

51. Defendant Boyce's actions constitute Sodomy, in violation of KRS 510.090.

52. Plaintiff has been damaged in an amount in excess of the minimum limits of this court.

9

## VIII.   FOURTH CAUSE OF ACTION –
## SEXUAL ABUSE SECOND DEGREE KRS 510.120

53.   Paragraphs 1 to 44 are reiterated and incorporated herein.

54.   Defendant Boyce's actions constitute Sodomy, in violation of KRS 510.120.

55.   Plaintiff has been damaged in an amount in excess of the minimum limits of this court.

## IX.  FIFTH CAUSE OF ACTION-PRIVATE CAUSE OF ACTION
## FOR BOYCE'S VIOLATION OF KRS  510.090 AND 510.120

56.   Paragraphs 1 to 44 are reiterated and incorporated herein.

57.   KRS 510.130, et seq. provides no civil liability for individuals, including Plaintiff, who suffer damages from violation of a statute.

58.   Plaintiff is within a class of individuals that KRS 510.130 is intended to protect.

59.   KRS 446.070 provides individuals, like Plaintiff, to recover damages suffered due to Boyce's violations of KRS 510.090 AND 510.120.

60.    KRS 446.070 states: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

61.   As a result of Boyce's violations of KRS 510.090 and KRS 510.120, Plaintiff is entitled to monetary damages pursuant to KRS 446.070, in an amount in excess of the minimum limits of this court.

### X.  SIXTH CAUSE OF ACTION – NEGLIGENCE

62. Paragraphs 1 to 44 are reiterated and incorporated herein.

63. Defendants Green, Frisby, Johnson and Elam breached their respective duties of reasonable care and/or acted recklessly and with gross negligence causing injuries to Plaintiff.

### XI.  SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Paragraphs 1 to 44 are reiterated and incorporated herein.

65. Defendant Boyce acted intentionally or recklessly to the emotional distress his intentional acts would cause to Plaintiff because he knew or should have known that emotional distress would likely result.

66. Defendant Boyce's conduct was outrageous and intolerable.

67. Defendant Boyce's conduct proximately caused Plaintiff's serious emotional injuries.

68. Plaintiff suffered severe emotional distress.

### XII.  EIGHTH CAUSE OF ACTION – NEGLIGENT SUPERVISION

69. Paragraphs 1 to 44 are reiterated and incorporated herein.

70. Defendants Green, Frisby, and Elam knew or should have known of the risk that Defendant Boyce posed and acted negligently, recklessly and with gross negligence in supervising and retaining Defendant Boyce, causing injury to Plaintiff.

### XIII.  JURY DEMAND

71. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## XIV.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays and demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award punitive damages against all Defendants in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs, and disbursements;

D. Award Plaintiff's pre-judgment and post-judgment interest;

E. Grant Plaintiff such additional relief to which he may be deemed entitled.

This 29th<sup>th</sup> day of June, 2023.

/s/ John L. Caudill
John L. Caudill
911 College Street
Bowling Green KY  42101
Telephone:   (270) 925-0447
E-Mail:   john@caudill.legal